CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Nehemiah Kong**, <br><br> Plaintiff, <br><br> v. <br><br> **Barchester Temple City, L.P.**, a California Limited Partnership; **Bar-CA Independent I, Inc.**, a California Corporation; **Garfield Beach CVS**, L.L.C., a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case No. <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Nehemiah Kong complains of Defendants Barchester Temple City, L.P., a California Limited Partnership; Bar-CA Independent I, Inc., a California Corporation; Garfield Beach CVS, L.L.C., a California Limited Liability Company; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is a paraplegic who suffers from Polio. He uses a wheelchair for mobility. He has a

1

specially equipped van with a ramp that deploys out of the passenger side of his van.

2.   Defendants Barchester Temple City, L.P. and Bar-CA Independent I, Inc. owned the real property located at or about 5585 N. Rosemead Blvd., Temple City, California, in July 2018.

3.   Defendants Barchester Temple City, L.P. and Bar-CA Independent I, Inc. own the real property located at or about 5585 N. Rosemead Blvd., Temple City, California, currently.

4.   Defendants Barchester Temple City, L.P. and Bar-CA Independent I, Inc. owned the real property located at or about 5607 N. Rosemead Blvd., Temple City, California, in July 2018.

5.   Defendants Barchester Temple City, L.P. and Bar-CA Independent I, Inc. own the real property located at or about 5607 N. Rosemead Blvd., Temple City, California, currently.

6.   Defendant Garfield Beach CVS, L.L.C. owned the CVS store located at or about 5585 N. Rosemead Blvd., Temple City, California, in July 2018.

7.   Defendant Garfield Beach CVS, L.L.C. owns the CVS store located at or about 5585 N. Rosemead Blvd., Temple City, California, currently.

8.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

9.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Plaintiff went to the shopping center ("Shopping Center") in July 2018 to shop at CVS and bank at East West Bank.

13. The Shopping Center is a facility open to the public, a place of public accommodation, and a business establishment.

14. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Shopping Center.

15. Unfortunately, even though there were two parking spaces marked and reserved for persons with disabilities directly in front of CVS during Plaintiff's visit, the parking stalls and access aisle reserved for persons with disabilities were not level with each other.

16. In fact, the parking spaces marked and reserved for persons with disabilities in front of CVS had slopes greater than 2.1%.

17. Currently, the parking stalls and access aisle in front of CVS are not level with each other and there are inaccessible slopes in both the access aisle and parking stalls.

Complaint

18. Additionally, because of the configuration and location of the parking spaces for persons with disabilities in front of the Icho Izakaya store, customers using most of those parking are required to travel behind parked cars and travel in the vehicular drive path to reach the nearest, accessible path of travel back to CVS. This is dangerous for wheelchair users.

19. Meanwhile, the parking space marked and reserved for persons with disabilities directly in front of the East West Bank also has a curb ramp running into the parking stall and access aisle.

20. The curb ramp creates slopes that are greater than 2.1%.

21. Defendants have failed to maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities at the Subject Property.

22. Plaintiff personally encountered these barriers.

23. This inaccessible parking lot denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

24. Restrooms are another one of the facilities, privileges, and advantages offered by Defendants to patrons of CVS.

25. Meanwhile, even though plaintiff did not personally confront the barrier, the plumbing underneath the sink is not wrapped to protect against burning contact.

26. Plaintiff plans to return and patronize CVS but will be deterred from visiting until the defendants remove the barriers.

27. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

28. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact,

4

these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

29. For example, there are numerous paint/stripe companies that will come and stripe level parking stalls and access aisles and install proper signage on rapid notice, with very modest expense, sometimes as low as $300 in full compliance with federal and state access standards.

30. Wrap can be installed under the sink at a cost of no more than $25.

31. Plaintiff is deterred from returning and patronizing the Shopping Center because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize Shopping Center as a customer once the barriers are removed.

32. Given obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

Complaint

complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.

Complaint

2010 Standards 502.4. "Access aisles are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.

36. Here the failure to provide level parking in the parking lot of the Shopping Center is a violation of the law.

37. Under the ADA, there must be at least one accessible route connecting every building on the same site. 1991 Standards § 4.3.2(2); 2010 Standards § 206.2.2. Travel in the vehicular drive path with vehicles is not part of an accessible route.

38. According to the California Building Code, it is not permissible to locate handicap-accessible parking stalls in locations where a person with disability is compelled to wheel or walk behind parked cars other than their own. CBC 1129B.3.3.

39. Here, the failure to provide an accessible route is a violation of the law.

40. Hot water and drain pipes under lavatories must be insulated or otherwise configured to protect against contact. 1991 Standards § 4.19.4; 2010 Standards §606.5.

41. Here, the failure to wrap the plumbing underneath the sink in the restroom of CVS is a violation of the ADA.

42. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

43. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

44. Given its location and options, plaintiff will continue to desire to patronize the Shopping Center but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore,

Complaint

seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

45. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

46. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

47. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

Complaint

1  plaintiff is not invoking section 55 of the California Civil Code and is not
2  seeking injunctive relief under the Disabled Persons Act at all.

3      2. Damages under the Unruh Civil Rights Act, which provides for actual
4  damages and a statutory minimum of $4,000.

5      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant
6  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

8  Dated: July 19, 2018          CENTER FOR DISABILITY ACCESS

10  By:

          _____
12            Chris Carson, Esq.
13            Attorney for plaintiff

Complaint