**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MELISSA T. DAUGHERTY, SB# 227451
  E-Mail: Melissa.Daugherty@lewisbrisbois.com
KELLEY M. FOX, SB# 309272
  E-Mail: Kelley.Fox@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants, Barchester Temple City, L.P., Bar-CA Independent I, Inc., and Garfield Beach CVS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Nehemiah Kong,<br><br>    Plaintiff,<br><br>    vs.<br><br>Gradiazio Investment Company; Barchester Temple City, L.P., a California Limited Partnership; Bar-CA Independent I, Inc., a California Corporation; Garfield Beach CVS, L.L.C., a California Limited Liability Company; and Does 1-10,<br><br>    Defendants. | CASE NO. 2:18-cv-06271-AB-SS<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION**<br><br>The Hon. André Birotte Jr.<br><br>Date:       October 4, 2019<br>Time:      10:00 a.m.<br>Ct. Rm.:  7B<br><br>Trial Date:     January 28, 2020<br>Action Filed:  July 20, 2018 |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4816-5583-5288.2

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND ................................................................................2

    A. The Parties...................................................................................................2

    B. Plaintiff's Allegations .................................................................................2

III. LEGAL ARGUMENT ...........................................................................................4

    A. Summary Judgment....................................................................................4

    B. Plaintiff's Prima Facie Case Under the ADA ............................................4

    C. Plaintiff's Injunctive Relief Claims Should Be Dismissed As Moot. ........5

        1. Mootness Doctrine in ADA Accessibility Cases............................5

        2. Plaintiff's Claims 1 and 2 are Moot.................................................7

    D. Plaintiff Cannot Prevail as to The Remaining Claims 3 and 4 – Other Entities' Properties...........................................................................8

IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS......................9

    A. The Dismissal of Plaintiff's ADA Claim Merits Dismissal of Plaintiff's Remaining State-Law Claims. .................................................10

    B. Plaintiff's State Law Claims Substantially Predominate Over The ADA Claim. ..............................................................................................11

    C. Plaintiff's State-Law Claims Raise Novel and Complex Issues of State Law...................................................................................................12

    D. State Court Provides a More Efficient Forum for Plaintiff's State Law Claims ................................................................................................13

V. CONCLUSION ....................................................................................................14

4816-5583-5288.2

i

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

# TABLE OF AUTHORITIES

Federal Court Cases

*Acri v. Varian Assocs, Inc.*,
    114 F.3d 999 (9th Cir. 1997) ..................................................................... 11

*Carnegie-Mellon Univ. v. Cohill*
    484 U.S. 343, 350, fn. 7 (1988) ................................................................. 10

*Chapman v. Starbucks Corp.*,
    2011 U.S. Dist. LEXIS 3570 (E.D. Cal. 2011) ........................................... 4

*Chapman v. Stations, Inc.*,
    2011 U.S. Dist. LEXIS 114750 at *5 (E.D. Cal. 2011) ............................... 4

*County of Los Angeles v. Davis*,
    440 U.S. 625 (1979) .................................................................................... 5

*Flast v. Cohen*,
    392 U.S. 83 (1968) ...................................................................................... 5

*Gasper v. Marie Callender Pie Shops*,
    2006 U.S. Dist. LEXIS 96929 (C.D. Cal. 2006) ......................................... 6

*Hubbard v. 7-Eleven, Inc.*,
    433 F. Supp. 2d 1134 (S.D. Cal. 2006) ....................................................... 6

*Hubbard v. Rite Aid Corp.*,
    433 F. Supp. 2d 1150 (S.D. Cal. 2006) ....................................................... 9

*In re Oracle Corp. Securities Litigation*,
    627 F.3d 376 (9th Cir. 2010) ....................................................................... 4

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) .................................................................................... 5

*Mayberry v. Von Valtier*,
    843 F. Supp. 1160 (E.D. Mich. 1994) ......................................................... 5

*Medical Soc'y of N.J. v. Herr*,
    191 F. Supp. 2d 574 (D.N.J. 2002) ............................................................. 6

*Oliver v. In-N-Out Burgers*,
    286 F.R.D. 475 (S.D. Cal. 2012) ............................................................... 13

*Oliver v. Ralphs Grocery Co.*,
    654 F.3d 903 (9th Cir. 2011) ................................................................ 4, 10

*Parr v. Waianae L & L, Inc.*,
    2000 U.S. Dist. LEXIS 7373 at *66 (D. Haw. 2000) .................................. 5

*Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*,
    2012 U.S. Dist. LEXIS 101332 (N.D. Cal. 2012) ....................................... 6

*Pickern v. Best W. Timber Cove Lodge Marina Resort*,
    194 F. Supp. 2d 1128 (E.D. Cal. 2002) ................................................................ 6, 8

*Pickern v. Pier 1 Imps. (U.S.), Inc.*
457 F.3d 963, 966 (9th Cir. 2006) ............................................................................. 8

*Ramirez v. Lococo's Cucina Rustica*,
    2018 U.S. Dist. LEXIS 5447 (N.D. Cal. 2018) ......................................................... 10

*Renne v. Geary*,
    501 U.S. 312 (1991) ..................................................................................................... 6

*Rodgers v. Chevys Restaurants, LLC*,
    2015 U.S. Dist. LEXIS 22164 at *11 (N.D. Cal. 2015) ............................................ 10

*Rogers v. Irvine Co. LLC*,
    2014 U.S. Dist. LEXIS 86620 at *2 (C.D. Cal 2014) ................................................ 11

*Schneider v. TRW, Inc.*,
    938 F.2d 986 (9th Cir. 1991) ...................................................................................... 10

*Stevey v. 7-Eleven, Inc.*,
    2009 U.S. Dist. LEXIS 53801 (E.D. Cal. 2009) ........................................................... 4

*United Mine Workers v. Gibbs*,
    383 U.S. 715, 86 S. Ct. 1130 (1966) ...................................................................... 10, 11

*Vogel v. Winchell's Donut Houses Operating Co., L.P.*,
    252 F. Supp. 3d 977 (C.D. Cal. 2017) .................................................................... 5, 6

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ........................................................................................ 4

State Court Cases

*Gunther v. Lin*,
    144 Cal.App.4th 223 (2006) ........................................................................................ 11

Federal Statutory Authorities

28 U.S.C. § 1367 ............................................................................................................ 10, 11

42 U.S.C. § 12182(a) .......................................................................................................... 4, 8

State Statutory Authorities

Cal. Civ. Code §52 ............................................................................................................... 13

Cal. Civ. Code §52.2 ............................................................................................................ 13

Cal. Civ. Proc. Code § 55.3 ................................................................................................. 12

4816-5583-5288.2

iii

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL
SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| Cal. Civ. Proc. Code § 55.52 | 12 |
| Cal. Civ. Proc. Code § 472 | 12 |
| Cal. Civ. Proc. Code § 473 | 12 |
| Cal. Civ. Proc. Code §425.50 | 12 |
| Cal. Civ. Proc. Code §1033(b) | 13 |
| Cal. Civ. Proc. Code § 1367(c) | 11 |

Federal Rules and Regulations

| | |
|---|---|
| Fed. R. Civ. P. 56(c) | 4 |

4816-5583-5288.2

iv

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

Cal. Civ. Proc. Code § 55.52 ............... 12

Cal. Civ. Proc. Code § 472 ............... 12

Cal. Civ. Proc. Code § 473 ............... 12

Cal. Civ. Proc. Code §425.50 ............... 12

Cal. Civ. Proc. Code §1033(b) ............... 13

Cal. Civ. Proc. Code § 1367(c) ............... 11

Federal Rules and Regulations

Fed. R. Civ. P. 56(c) ............... 4

4816-5583-5288.2

iv

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Plaintiff Nehemiah Kong ("Plaintiff") has brought suit against several defendants alleging violations of the Americans with Disabilities Act and the California Unruh Civil Rights Act.  Defendants Barchester Temple City, L.P., ("Barchester"), Bar-CA Independent I, Inc. ("Bar-CA"), and Garfield Beach CVS, LLC ("Garfield Beach CVS") (collectively "Defendants") bring this motion on three grounds.

First, as to Plaintiff's claims that relate to property not owned or controlled by Defendants (such as those related to the accessible parking spaces in front of the Icho Izakaya store and the East West Bank), Plaintiff cannot obtain injunctive relief from this Court because he has not joined all of the proper parties to this action and the prosecution of these claims against Defendants is improper.

Second, Plaintiff's claim for injunctive relief against Defendants must be dismissed as moot because every barrier alleged in Plaintiff's First Amended Complaint that relates to the property over which Defendants have ownership or control in this action do not currently exist.  All of the cross slopes and/or running slopes of the two accessible parking spaces and their access aisle located directly in front of a CVS store presently comply with current accessibility standards under federal and state law.  Additionally, the plumbing underneath the restroom sink in the subject CVS store is presently wrapped with insulation to prevent burn contact, in compliance with accessibility standards under state and federal law.

Third, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claim because doing so would promote the values of fairness and comity, Plaintiff's state claim raises novel and complex issues of state law, Plaintiff's state claim substantially predominates over his federal claim, and state court would provide a more efficient forum for Plaintiff's state law claim.  Based on all of the foregoing, Defendants are entitled to summary judgment in their favor.

## II. FACTUAL BACKGROUND

### A. The Parties

Plaintiff alleges that he is a paraplegic who suffers from Polio and uses a wheelchair for mobility. [SUMF 1] (First Amended Complaint ["FAC"] ¶ 1, ECF No. 34).

Defendant Barchester owns the property located at 5585 N. Rosemead Blvd., Temple City, California (the "Property"). [SUMF 2] (Declaration of Joseph Seravalli ("Seravalli Decl.") ¶ 2.) Defendant Bar-CA is a General Partner of Barchester but does not own or have control over the Property. [SUMF 3] (Seravalli Decl. ¶ 3.) The Property is limited to the parcel of land upon which the subject CVS store and its parking spaces are located. [SUMF 4] (Seravalli Decl. ¶ 4.) Barchester does not own or control any other property in the shopping center identified in Plaintiff's FAC other than the Property. [SUMF 5] (Seravalli Decl. ¶ 5.)

Defendant Barchester leases the Property to Garfield Beach CVS. [SUMF 6] (Seravalli Decl. ¶ 8; Exhibit B to Seravalli Decl.; Declaration of Lori Marchetti ("Marchetti Decl."), ¶ 2; Exhibit A to Marchetti Decl.) Garfield Beach CVS does not occupy or control any other property in the shopping center identified in Plaintiff's FAC other than the Property. [SUMF 7] (Marchetti Decl., ¶ 4.)

### B. Plaintiff's Allegations

Plaintiff filed his original complaint ("Complaint") against Defendants on July 20, 2018 for violations of the Americans with Disabilities Act ("ADA") and California Unruh Civil Rights Act ("UCRA"). [SUMF 8] (ECF No. 1.) In approximately October 2018, defense counsel notified Plaintiff's counsel that Defendants did not occupy or control property at the subject shopping center other than the Property upon which the CVS Store and its related parking spaces were located. [SUMF 9] (Declaration of Kelley Fox, ¶ 2.) On November 14, 2018, Plaintiff filed the FAC adding Gradiazio Investment Company ("Gradiazio") as a defendant. [SUMF 10] (ECF No. 34.) Plaintiff's FAC alleges that Gradiazio owns

4816-5583-5288.2
2
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

the real property upon which the East West Bank (located at 5607 N. Rosemead Blvd., Temple City, California) is located. [SUMF 11] (FAC ¶3.) Gradiazio was dismissed from this action on January 9, 2019. [SUMF 12] (ECF No. 46.)

In the FAC, Plaintiff alleged that he went to a shopping center on an *unspecified date* in July 2018 to shop at a CVS Store and bank at the East West Bank. [SUMF 13] (FAC ¶ 12.) Plaintiff alleged that when he visited the shopping center, the following architectural barriers existed:

Claim 1: Even though there were two parking spaces marked and reserved for persons with disabilities directly in front of CVS during Plaintiff's visit, the parking stalls and access aisles reserved for persons with disabilities were not level with each other and had slopes greater than 2.1%; [SUMF 14] (FAC ¶ 15-16);

Claim 2: The plumbing underneath the CVS restroom sink is not wrapped to protect against burning contact; [SUMF 15] (FAC ¶ 25);

Claim 3: Because of the configuration and location of the parking spaces for persons with disabilities in front of the Icho Izakaya store, customers using most of those parking are required to travel behind parked cars and travel in the vehicular drive path to reach the nearest, accessible path of travel back to CVS; [SUMF 16] (FAC ¶18);

Claim 4: The parking space marked and reserved for persons with disabilities directly in front of the East West Bank also has a curb ramp running into the parking stall and access aisle, which creates slopes greater than 2.1%; [SUMF 17] (FAC ¶ 19-20).

As discussed in detail below, Plaintiff's federal claim against Defendants must fail because all alleged barriers in Plaintiff's FAC that are on the Property are moot, warranting the dismissal of Plaintiff's remaining state law claim and, thus, the granting of this motion.

## III. LEGAL ARGUMENT

### A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that no genuine issue as to any material fact exists, and that the moving party is entitled to judgment as a matter of law. *Federal Rule of Civil Procedure* 56(c)[1]; *Chapman v. Stations, Inc.*, 2011 U.S. Dist. LEXIS 114750 at *5 (E.D. Cal. 2011). The moving party initially bears the burden of proving the absence of a genuine issue of material fact. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). If this burden is sustained, "the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id*.

### B. Plaintiff's Prima Facie Case Under the ADA

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a); *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011). Discrimination includes the "failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Under Title III the ADA, a plaintiff may only obtain injunctive relief (i.e., removal of the alleged barrier) and is not entitled to monetary damages. 42 U.S.C. § 12188(a)(1); *Oliver*, 654 F.3d 903 at 905; *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). As such, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting [an] ADA claim." *Oliver*, 654 F.3d 903 at 905; *see also Chapman v. Starbucks Corp.*, 2011 U.S. Dist. LEXIS 3570 at*11 (E.D. Cal. 2011); *Stevey v. 7-Eleven, Inc.*, 2009 U.S. Dist. LEXIS 53801, *26-*27 (E.D. Cal. 2009) ("Because a private ADA plaintiff is limited to seeking

---

[1] All further code references are to the Federal Rules of Civil Procedure unless otherwise stated.

4816-5583-5288.2

4

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

injunctive relief and attorney's fees… a plaintiff's ADA claim is moot if the defendant makes the precise alterations or accommodations that the plaintiff sought to require with an injunction").

To establish a *prima facie* case for injunctive relief under the ADA, a plaintiff must establish: (1) Plaintiff is a qualified individual with a disability; (2) Defendants owned, leased, or operated a place of public accommodation; (3) the place of public accommodation was in violation of one or more construction-related accessibility standards; and (4) the violations denied Plaintiff full and equal access to the place of public accommodation. *See Vogel v. Winchell's Donut Houses Operating Co., L.P.*, 252 F. Supp. 3d 977, 983 (C.D. Cal. 2017); *Mayberry v. Von Valtier*, 843 F. Supp. 1160, 1166 (E.D. Mich. 1994).

C. **Plaintiff's Injunctive Relief Claims Should Be Dismissed As Moot.**

1. **Mootness Doctrine in ADA Accessibility Cases**

Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies where true adversarial interests give rise to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968). In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) <u>a likelihood that a favorable decision will redress the wrong.</u> *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Mootness is a jurisdictional defect that can be raised at any time by the parties or the court *sua sponte*. *Parr v. Waianae L & L, Inc.*, 2000 U.S. Dist. LEXIS 7373 at *66 (D. Haw. 2000). To demonstrate that a case is moot, the defendant must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). The court cannot take jurisdiction over a claim to which no effective relief can be granted. *Id*. Moreover, "past exposure to illegal conduct

does not in itself show a present case or controversy… if unaccompanied by any continuing present adverse effects." *Renne v. Geary*, 501 U.S. 312, 320-321 (1991). This requirement ensures that the courts are able to grant effective relief, rather than render advisory opinions. *Medical Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 581 (D.N.J. 2002).

The law is well-established that a defendant's remedial efforts will render a plaintiff's ADA claim for injunctive relief moot. *See Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929 at *4 (C.D. Cal. 2006) ("the only remedy available for a violation of the Americans with Disabilities Act under a private right of action is injunctive relief. Accordingly, if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change.") For these reasons, courts routinely dismiss disability access claims as moot when defendants modify allegedly noncompliant barriers. *See, e.g., Paulick v. Starwood Hotels & Resorts Worldwide, Inc.*, 2012 U.S. Dist. LEXIS 101332 (N.D. Cal. 2012) (granting summary judgment in favor of Defendants where Defendants corrected the specific barriers listed in Plaintiff's complaint); *Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002) (granting summary judgment in favor of Defendant and finding that where Defendant made alterations to its facilities to remove the barriers of access, Plaintiff's claim for injunctive relief under the ADA was moot); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (Defendant repaired the ramp slope from the public sidewalk to the store entrance, which was too steep, thus mooting the ADA claim); *Vogel*, 252 F. Supp. 3d 977 (C.D. Cal. 2017) (granting summary judgment where the Plaintiff admitted that the barriers alleged in the Complaint were eventually removed, rending his ADA claim moot.)

/ / /

/ / /

2. **Plaintiff's Claims 1 and 2 are Moot.**

Plaintiff's claim for injunctive relief against Defendants is moot because the barriers alleged in Plaintiff's FAC that are on the Property (i.e., Claims 1 and 2 identified above) do not currently exist. Plaintiff alleged in his FAC that the two disabled parking spaces and access aisle located directly in front of the CVS Store had slopes that were too steep. Such conditions do not currently exist. Additionally, Plaintiff alleged that the plumbing underneath the restroom sink at the CVS Store was not properly wrapped. Such conditions also do not currently exist. The facts in support of this motion demonstrate that as to Defendants, the cause of Plaintiff's alleged injury is gone and not likely to return or reoccur. Thus, Plaintiff cannot demonstrate any entitlement to relief as to Claims 1 and 2.

Specifically, as to Claim 1, the two accessible parking spaces located directly in front of the CVS Store presently meet current ADA and California Building Code ("CBC") accessibility standards. Surface slopes of accessible parking spaces and access aisles shall not exceed a two percent slope in any direction. *See* 1991 Standards § 4.6.3; 2010 ADA Standards 502.4; 2016 CBC 11B-502.4. The cross slopes and/or running slopes of the two accessible parking spaces located directly in front of the CVS Store, and their attendant access aisle, presently range from 0.3% to 2.0%. [SUMF 18] (Declaration of Jeff Yankee ("Yankee Decl.") ¶5; Exhibit A to Yankee Decl.)

Additionally, as to Claim 2, the plumbing underneath the restroom sink in the CVS Store presently meets current federal and state accessibility standards. Water supply and drain pipes under sinks must be insulated to protect against contact. *See* 1991 Standards § 4.19.4; 2010 ADA Standards 606.5. The restroom sink pipes at the CVS Store are currently wrapped to protect against burning contact. [SUMF 19] (Yankee Decl. ¶6; Exhibit B to Yankee Decl.)

In light of the above, there is no need for this court to issue any injunctive relief as to Defendants because there is no reasonable possibility that Plaintiff will

be the subject of the discrimination alleged in his FAC by Defendants in the future. Plaintiff's claim for injunctive relief against Defendants under the ADA is moot.

### D. **Plaintiff Cannot Prevail as to The Remaining Claims 3 and 4 – Other Entities' Properties**

Claims 3 and 4 identified above describe conditions that fall under the control of other entities. Claim 3 relates to accessible parking spaces located in front of the Icho Izakaya store. These parking spaces are located on property that is not owned or controlled by Defendants. Thus, Defendants have no ability to control any of the activities relating to it, including any alterations to its condition.

Claim 4 relates to an accessible parking space located directly in front of the East West Bank. This parking space is located on property that is not owned or controlled by Defendants. Thus, Defendants have no ability to control any of the activities relating to it, including any alterations to its condition. Additionally, Plaintiff filed the FAC identifying Gradiazio Investment Company as the owner of the property located at 5607 N. Rosemead Blvd., Temple City, California. [SUMF 10] (ECF No. 34.) On January 7, 2019, Plaintiff's counsel and Gradiazio filed a stipulation to dismiss Gradiazio, which this Court granted on January 9, 2019. [SUMF 12] (*See* ECF No. 46.)

In *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 966 (9th Cir. 2006), the Court of Appeals upheld judgment in favor of defendants where it was found that they did not own or control the land upon which the construction of a ramp was demanded.

> For at least two reasons, Title III of the ADA requires that the Appellees in this case **control** the grassy strip of land in order to be subject to liability for failing to build a ramp over that land. First, the operative rule in Title III provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who ***owns, leases (or leases to), or operates*** a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added).

*Id.* (emphasis added).

In *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1169-1170 (S.D. Cal. 2006), the Court denied Plaintiff's claim for injunctive relief where the requested barrier removal would have required alterations on property not owned or controlled by the Defendants.

> The Court will not order Defendants to remove an architectural barrier on their own property which will create accessibility hazards on the adjacent property and the Court cannot order the Defendants in this case to alter the path of travel on property that Defendants do not own or operate. This Court can only order injunctive relief and Plaintiffs have not shown any effective injunctive relief is available…

*Id*.

As to Claims 3 and 4, Plaintiff's demands relate entirely to property that is not owned or controlled by Defendants. Plaintiff's demands for compliant parking spaces in front of the Icho Izakaya store and East West Bank are misdirected, targeting Defendants rather than the appropriate parties. Because Defendants do not own, operate, or control the areas on which these ADA-related alterations are demanded by Plaintiff, Defendants cannot be liable under Title III of the ADA and, as to Defendants, Plaintiff's Claims 3 and 4 must fail.

## IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM.

Pursuant to 28.U.S.C. § 1367(c), a district court has the discretion to decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exist:

"(1) the claim raises a novel or complex issue of State law,

 (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

 (3) the district court has dismissed all claims over which it has original jurisdiction, or

 (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, at least three of the four statutory grounds exist for this Court to decline supplemental jurisdiction.

### A. The Dismissal of Plaintiff's ADA Claim Merits Dismissal of Plaintiff's Remaining State-Law Claims.

The Supreme Court has held that **if federal claims are dismissed before trial, courts should decline to exercise supplemental jurisdiction over the remaining state-law claims**. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130 (1966); *Schneider v. TRW, Inc.*, 938 F.2d 986, 993 (9th Cir. 1991); *see also* 28 U.S.C. § 1367(c). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).

Courts have properly and routinely declined to exercise supplemental jurisdiction over related state-law claims once the ADA cause of action has been dismissed. *Id; see also Rodgers v. Chevys Restaurants, LLC,* 2015 U.S. Dist. LEXIS 22164 at *11 (N.D. Cal. 2015); *Ramirez v. Lococo's Cucina Rustica*, 2018 U.S. Dist. LEXIS 5447 (N.D. Cal. 2018). For example, in *Oliver v. Ralphs Grocery Company*, the Ninth Circuit upheld the district court's decision to decline supplemental jurisdiction over the plaintiff's state-law access claims once his ADA claim had been dismissed, stating that due to the balance of the factors of judicial economy, convenience, fairness, and comity, the district court properly declined to exercise supplemental jurisdiction over Plaintiff's state law claims after granting summary judgment in favor of Defendants on Plaintiff's ADA claim. *Oliver*, 654 F.3d 903 at 911.

Here, the granting of Defendant's Motion for Partial Summary Judgment warrants a dismissal of Plaintiff's state-law claim, as such a dismissal would promote the values of fairness and comity. Written discovery has been propounded

4816-5583-5288.2

10

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

by Defendants only and no depositions have been taken.  There have been no noticed site inspections.  Plaintiff cannot claim he is deeply invested in litigating in this forum.  Furthermore, "[t]his is thus not a situation in which significant resources were expended in federal court and dismissal would require a new judge to develop familiarity with a complex factual situation." *Rogers v. Irvine Co. LLC*, 2014 U.S. Dist. LEXIS 86620 at *2 (C.D. 2014).  Similarly, here, this is not a situation where familiarity with complex factual situations has already been developed.  There can be no showing of unusual or extraordinary circumstances to justify retaining jurisdiction over the state law claims. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's remaining state law claim.

### B. **Plaintiff's State Law Claims Substantially Predominate Over The ADA Claim.**

Courts have long recognized that state law claims for monetary damages substantially predominate over claims for injunctive relief under the ADA.  *See Gunther v. Lin*, 144 Cal.App.4th 223, 256 (2006) ("state law claims have become the tails that wag the dog of federal ADA litigation in California").  The Supreme Court has indicated that where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs,* 383 U.S. at 726-727.  (While Gibbs is a pre-section 1367(c) case, the Ninth Circuit has indicated that Gibbs informs a section 1367(c) analysis.  *See Acri v. Varian Assocs, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997).)

Here, the statutory damages available to Plaintiff under the Unruh Act substantially predominate over the injunctive relief available to Plaintiff under the ADA.  Plaintiff seeks a minimum of $4,000 in statutory damages.  Under the ADA, Plaintiff is only entitled to injunctive relief and attorneys' fees.  Thus, given the

disparity in available remedies, the Court should find that Plaintiff's remaining state claim substantially predominates over his federal claim.

### C. **Plaintiff's State-Law Claims Raise Novel and Complex Issues of State Law.**

The passage of Senate Bill 1186 in 2012 presents additional novel issues of state law. Among other things, this law codified new procedural requirements for disability discrimination lawsuits, including pre-litigation demands for money and the veracity of complaints. As amended, California Code of Civil Procedure §425.50 states, in relevant part:

> (a) An allegation of a construction-related accessibility claim in a complaint, as defined in subdivision (a) of Section 55.52 of the Civil Code, shall state facts sufficient to allow a reasonable person to identify the basis of the violation or violations supporting the claim, including all of the following:
>
> > (1) A plain language explanation of the specific access barrier or barriers the individual encountered, or by which the individual alleges he or he was deterred, with sufficient information about the location of the alleged barrier to enable a reasonable person to identify the access barrier.
> >
> > (2) **The way in which the barrier denied the individual full and equal use or access, or in which it deterred the individual, on each particular occasion**.
> >
> > (3) The **date or dates of each particular occasion** on which the claimant encountered the specific access barrier, or on which he or she was deterred.
>
> (b) **A complaint** alleging a construction-related accessibility claim, as those terms are defined in subdivision (a) of Section 55.3 of the Civil Code, **shall be verified** by the plaintiff. A complaint filed without verification shall be subject to a motion to strike.
>
> (c) Nothing in this section shall limit the right of a plaintiff to amend a complaint under Section 472, or with leave of the court under Section 473. However, an amended pleading alleging a construction-related accessibility claim shall be pled as required by subdivision (a).

(emphasis added).

Plaintiff's FAC is deficient under §425.50 in the following ways: (1) Plaintiff's complaint is not verified; (2) Plaintiff failed to specify the date he

4816-5583-5288.2

12

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

allegedly encountered barriers; (3) Plaintiff failed to state the manner in which the alleged condition denied him access on a particular occasion.

While state pleading standards do not apply in federal court, (*Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477 (S.D. Cal. 2012), the new requirements were intended as a *prerequisite* to the award of *state law* damages. Permitting a plaintiff to litigate the only remaining claim in this forum, which is a state law claim, while avoiding the requirements imposed on the litigating of that very state claim in state court would not only be contrary to California's legislative intent, but would give Plaintiff license to avoid limitations imposed on the very statutory scheme upon which he bases his claim. Here, allowing the residual state claim to be litigated would allow Plaintiff to "pick and choose" selective portions of the statute and ignore the rest.

Accordingly, the Court should decline to exercise supplemental jurisdiction pursuant to Plaintiff's state law claim, as Plaintiff's UCRA claim raises a novel and complex issue of state law.

### D. State Court Provides a More Efficient Forum for Plaintiff's State Law Claims

California Civil Code §52.2 gives the California Small Claims Court specific jurisdiction of disabled access claims under Civil Code §52 and §54.3. Additionally, California *Code of Civil Procedure* §1033(b) creates strong incentives for plaintiffs to file in the most economical level of California's tiered jurisdictional classifications (Small Claims [Limited Civil under $10,000], Limited Civil [under $25,000], and Unlimited Civil [over $25,000.]). *See* C.C.P. §1033(b) (limiting or eliminating an award of costs where a lawsuit is "over-filed" and the plaintiff fails to obtain a damage award above the jurisdictional minimum). Given the existence of this "tiered" system of litigation in state court, it would likely be less costly to the parties if Plaintiff's state-law claims are litigated in state court.

/ / /

4816-5583-5288.2

13

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION

## V. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court GRANT its Motion in its entirety and decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

DATED: August 30, 2019        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ____/s/ Kelley M. Fox_____
Melissa T. Daugherty
Kelley M. Fox
Attorneys for Defendants, Barchester Temple City, L.P., Bar-CA Independent I, Inc., and Garfield Beach CVS, LLC

4816-5583-5288.2

14

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION